The Honorable Jay Bradford Senator, 28 District P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for a formal opinion on the constitutionality of Act 662 of 1987. That act phases out small school weighting under the minimum foundation aid formula crated by Act 34 of 1983. In your inquiry, you query whether Act 662 should not be considered as constitutionally infirm as another formula change proposed in Senate Bill 617 of 1987 which this Office unofficially referred to as constitutionally suspect.
In responding to your request one must begin by emphasizing that cases are legion for the proposition that acts of the legislature are presumed constitutional. The general rules for determining the constitutionality of statutes were restated in Stone v. Stated, 254 Ark. 1011, 1013, 498 S.W.2d 634 (1973), to wit:
 In approaching every question pertaining to constitutionality of an act of the legislative branch, the judiciary must always keep certain basic principles in mind, all of which are essential to the welfare of the checks and balances provided by the American tripartite system of government. The first of these is that the legislature's power is limited only by the state and federal constitutions. . . . The next is that a presumption of constitutionality attends every such act. . . . All doubt must be resolved in favor of constitutionality. . . . Another principle is that if it is possible for the courts to so construe an act that it will meet the test of constitutionality, they not only may, but should and will, do so. . . . Another way of stating this elementary rule is that every reasonable construction must be resorted to in order to save the statute from unconstitutionality. (Citations omitted.)
In the unofficial letter written to Representative Jody Mahoney on Senate Bill 617, it was, in fact, acknowledged that the proposed legislation would be difficult to defend if it were passed. The question you now pose is whether legislation that has become law could withstand constitutional scrutiny. It is one thing for this Office to advise its clients, the General Assembly, on the merits of proposed legislation. It is another matter of pass judgment on legislative acts when rules of statutory construction mandate a presumption of constitutionality.
Additionally, were this Office to opine that an act is constitutionally infirm, it jeopardizes our ability to defend the act if it is later challenged in court. Thus, due to the mentioned reasons, this Office must adhere to the policy of recognizing the presumption of constitutionality to which legislation is entitled once it becomes enacted.
In response to your question, then, we can only point out that acts of the legislature are presumed constitutional until such time as a court of competent jurisdiction decides to the contrary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Randy McNair III.